# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CARL RAY JONES, ) | |
| ) | |
| Debtor. ) | Case No. 05-02277 |
| ) | |
| ) | |
| CARL RAY JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 09-00018 |
| ) | |
| RENEA D. JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Carl Ray Jones (the "Debtor") contends that his divorce proceeding in the Family Court of Hancock County, West Virginia, is automatically stayed based on his filing for relief under Chapter 13 of the Bankruptcy Code. The Debtor requests a declaration on summary judgment that all orders issued by the Family Court since the filing of his bankruptcy petition are void.

Renea D. Jones also seeks entry of summary judgment requesting a declaration that the orders issued by the Family Court are valid on the basis that the automatic stay was not violated by the particular orders entered by the Family Court.

For the reasons stated herein, the court will deny the motions of both parties.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

1

as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment, but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A fact is not "genuinely disputed" unless the factual conflict between the parties requires a trial of the case for resolution. *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find summary judgment is improper.").

## II. BACKGROUND

On May 21, 2005, the Debtor filed his Chapter 13 bankruptcy petition. At the time of filing, the Debtor was involved in a divorce proceeding in the Family Court of Hancock County, West Virginia, styled *Renea D. Jones v. Carl R. Jones*, Civil Action No. 04-D-195. On January 19, 2006, the Debtor and Ms. Jones executed a settlement agreement.

The settlement agreement awards alimony to Ms. Jones, sets forth a parenting agreement, establishes child support obligations, and divides property and indebtedness. Significantly, Paragraph 23 of the settlement agreement states that "[t]his Agreement is entered into based upon assurances by counsel for the [Debtor] that each provision hereof will survive and be enforceable upon the granting of a discharge in bankruptcy or approval of a reorganization plan. In the event that any material portion of this Agreement is vacated, the entire Agreement, except the Parenting Agreement, shall be considered null and void."

The final order of the Family Court, entered on February 23, 2006, grants the parties' divorce and approves and incorporates the settlement agreement.

### III. DISCUSSION

Ms. Jones contends that neither the settlement agreement nor the final order of the Family Court violates the automatic stay of the Bankruptcy Code on the basis that: (A) the automatic stay does not apply to an action to obtain a divorce, (B) the automatic stay does not apply to the establishment of alimony or child support, and (C) the automatic stay does not apply to the division of marital property in this case on the basis that the property distributed to her was exempted by the Debtor, was abandoned by the estate, or was not otherwise listed in the Debtor's schedules. Moreover, Ms. Jones asserts that to the extent that a stay applied with respect to the Debtor, he specifically waived its application.

**A. The Automatic Stay—Family Court Proceedings to Obtain a Divorce**

The Debtor contends that his divorce proceedings were stayed upon his filing for bankruptcy on May 21, 2005. At that time, the Bankruptcy Code provided:

> (a) . . . a petition filed under [the Bankruptcy Code] . . . operates as a stay, applicable to all entities, of—
> > (1) the . . . continuation . . . of a judicial . . . action or proceeding against the debtor . . . .

11 U.S.C. § 362(a)(1) (2004).

Before the 2005 amendments to the Bankruptcy Code[1], courts were split as to whether parties could obtain a divorce without first obtaining relief from the automatic stay. *Cf.*, *In re Elrod*, 91 B.R. 187, 189 (Bankr. M.D. Ga. 1988) ("The Bankruptcy Code protects property of the bankruptcy estate and of the debtor; it does not protect the marital status of the debtor."), *with In re Pagitt*, 3 B.R. 588, 588 (Bankr. W.D. La. 1980) (finding that a debtor could not obtain a divorce without first seeking relief from the automatic stay).

Like the court in *Elrod*, this court finds that a proceeding to obtain a divorce itself is not automatically stayed under the version of § 362 in effect when this case was filed. Both logic and Congressional intent (as subsequently manifested by the express exclusion of proceedings for the dissolution of a marriage in BAPCPA) compel this conclusion inasmuch as the domestic

---

[1] After passage of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act, proceedings "for the dissolution of marriage" were specifically exempted from the stay. 11 U.S.C. § 362 (b)(2)(A)(iv) (2006).

status of a debtor is severable from a debtor's economic status. *E.g.*, *In re Ziets*, 79 B.R. 222, 225 (Bankr. E.D. Pa. 1987) ("We do acknowledge an exemption of domestic issues which do not bear on a debtor's economic status from the scope of the stay, such as the marital status itself or child custody matters, as both logic and clear Congressional intent implies such an exemption."). Moreover, recognizing an interest of a debtor's bankruptcy estate in the debtor's marital status is contrary to public policy. *See In re Linville*, No. 04-52886C-7W, 2005 Bankr. Lexis 1115 at *11 (Bankr. M.D.N.C. Feb. 1, 2005) (holding that the bankruptcy estate can have no rights in the status of a marital relationship).

Accordingly, the entry of a divorce decree by the Family Court was not prohibited by the automatic stay.

**B. The Automatic Stay—Family Court Proceedings to Establish Alimony/Child Support**

Ms. Jones contends in her response to the Debtor's motion for summary judgment that the automatic stay does not apply to set aside the final order of the Family Court as it relates to alimony and/or child support payments.

The relevant provisions of the Bankruptcy Code regarding alimony/child support proceedings which were in effect at the time of the Debtor's filing provide:

> (b) The filing of a [Bankruptcy] petition . . . does not operate as a stay—
>     . . .
>     (2) under subsection (a) of this section—
>         (A) of the commencement or continuation of an action or proceeding for—
>             . . .
>             (ii) the establishment or modification of an order for alimony, maintenance, or support; or
>         (B) of the collection of alimony, maintenance, or support from property that is not property of the estate. . . .

11 U.S.C. § 362(b)(2) (2004).

Thus, the establishment of alimony and/or child support payments by a family court is plainly excepted from the automatic stay.

**C. The Automatic Stay—Distribution of Marital Property**

Notwithstanding the Family Court's ability to grant the parties' divorce and to establish alimony and/or child support awards without violating the automatic stay, the Debtor contends that Ms. Jones and the Family Court violated the automatic stay by distributing marital property.

4

In general, "a state court does not have the right to make a determination or disposition of property that is part of the bankruptcy estate." [2] *In re Surgent*, 133 S.W.3d 744, 749 (Tex. App. 2003). *See also Lawerence Melvin Klass v. Kathy Ann Hartman Klass*, 831 A.2d 1067, 1076 (Md. 2003) ("The filing of a bankruptcy petition stays the determination in a divorce case of the interests of a debtor in property of the estate, any exercise of control over such property, and any monetary claims against a debtor other than for alimony, maintenance, or support."); *Jerry Wayne Devine II v. Traci Leigh Devine*, 812 So. 2d 1278, 1280 (Ala. Civ. App. 2001) ("The filing of a petition for bankruptcy protection stays proceedings in a divorce action as it pertains to the division of property within the debtor's estate . . . .").

Although the automatic stay typically prevents the division of marital property in state court, the parties in this case labored to construct a settlement agreement which would not distribute property of the bankruptcy estate. Accordingly, as argued by Ms. Jones, property awarded to her in the settlement agreement did not violate the automatic stay because all property awarded to her was: (1) exempted by the Debtor, (2) abandoned by the trustee, or (3) was not otherwise listed in the Debtor's schedules.

For example, the settlement agreement awards to Ms. Jones two American Funds accounts in the approximate value of $8,448.68 which the Debtor claimed as exempt on schedule C accompanying his bankruptcy petition. Likewise, the settlement agreement awarded Ms. Jones a Toyota Land Cruiser, an asset that was abandoned by the estate pursuant to a court order entered on July 5, 2005. Considering that the Debtor's bankruptcy estate had no interest in these items, no violation of the automatic stay occurred with respect to property of the estate in awarding this property to Ms. Jones. *E.g.*, *In re Marshall*, 307 B.R. 517, 520 (Bankr. E.D. Va. 2003) (automatic stay in favor of the estate is not applicable to property that has been exempted or abandoned). Moreover, to the extent the automatic stay would apply with regard to property of the Debtor, the Debtor voluntarily waived the protection of the stay in Paragraph 23 of the settlement agreement. *See In re Boates*, 2005 Bankr. Lexis 2821, *19 (Bankr. E.D. Pa. July 6, 2005) (conduct of the debtor may waive the stay as to a particular creditor). Consequently, the award of exempted or abandoned property to Ms. Jones did not violate the automatic stay.

With regard to the property that the Debtor failed to list on his bankruptcy petition and schedules, however, that property was neither exempted nor abandoned. In general, property in

---

[2] Indeed, the current version of § 362(b)(2)(A)(iv) clarifies the intent of Congress that the automatic stay remains in force as to proceedings in a family court to determine the division of property that is property of the estate.

which the Debtor has an interest as of the petition date is property of the estate notwithstanding the fact that it is not listed or scheduled by the Debtor in connection with the filing of a bankruptcy case. *Meiburger v. Ocwen Fed. Bank, FSB (In re Marshall)*, 307 B.R. 517, 520 (Bankr. E.D. Va. 2003). The property awarded to Ms. Jones that the Debtor failed to list on his bankruptcy schedules includes: (1) Wachovia Securities Account #7036-1555, approximate value $2,150.52; (2) Wachovia Securities Account #7038-0991, approximate value $323.43; (3) Janus Capital account #203846121, approximate value $11,686.51; (4) TIAA-CREF account, approximate value $14,851.78; (5) United Bank savings account number 004401-5576, in the approximate amount of $2,222.57; and (6) United Bank checking account number 004198-4969, in the approximate amount of $331.

Because it is not clear exactly what the Debtor's interest is—if any—in the property not listed in his schedules—and thus the estate's interest—the court will schedule a further hearing to determine whether this property is property of the estate. If so, then the distribution of this property to Ms. Jones without obtaining relief from the automatic stay would constitute a violation.

## IV. CONCLUSION

For the above-stated reasons, the court will deny both parties' motions for summary judgment. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.